IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                                     NO.  2:25-CR-073-Z

DANIEL LEE MATTHEWS

## FACTUAL RESUME

In support of Daniel Lee Matthews's plea of guilty to the offense in Count One of the indictment, Matthews, the defendant, C.J. McElroy, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.*  That the defendant knowingly possessed a firearm as charged in the indictment;
>
> *Second.*  That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;
>
> *Third.*  That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Daniel Lee Matthews**
**Factual Resume—Page 1**

*Fourth.*    That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1.    Daniel Lee Matthews, defendant, admits and agrees that on or about July 5, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, a firearm, to wit, a Ruger, model Security 9, 9mm caliber pistol, serial number 383-79987, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2.    On July 5, 2025, Amarillo Police Department officers conducted a traffic stop of a vehicle for failing to signal within an appropriate distance, which is a violation of the Texas Transportation Code. Daniel Lee Matthews was identified as the driver of the vehicle. During the stop, officers observed ammunition in plain view inside the cab of the truck. Officers knew that Matthews had previously been convicted of a felony offense. Officers asked for consent to search the vehicle. Matthews granted consent.

3.    An officer conducted a pat down of Matthews and discovered a Ruger, model Security 9, 9mm caliber pistol, serial number 383-79987, in a bellyband holster wrapped around Matthews's midsection. The firearm was loaded with 16 rounds of ammunition.

4.      An officer conducted an interview of Matthews.  The officer read Matthews his *Miranda* warnings.  Matthews waived his rights and agreed to make a statement. During the interview, Matthews admitted to carrying the firearm for protection. Matthews stated that he purchased the firearm in March of 2025.

5.      Before Matthews possessed the above-described firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, the defendant was convicted of the felony offense of criminal sexual penetration in McKinley County, New Mexico in cause number D-1113-CR-2008-218.

6.      Matthews admits that the firearm functioned as designed and, therefore, was or could readily have been put in operating condition.  Further, Matthews admits that the firearm was not manufactured in the State of Texas.  The Ruger, model Security 9, 9mm caliber pistol, serial number 383-79987, was manufactured in Prescott, Arizona. Because the firearm was found in Texas on July 5, 2025, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time between any part of the United States or a foreign country.

7.      The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

**Daniel Lee Matthews**
**Factual Resume—Page 3**

8.    The defendant further admits and agrees that he possessed the above-described firearm in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, or accessories recovered with the firearm.

AGREED TO AND STIPULATED on this 25ᵗʰ day of ___September___, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


_____          _for_ _____
Daniel Lee Matthews                 ANNA MARIE BELL
Defendant                           Assistant United States Attorney
                                    New Mexico State Bar Number 12501
                                    500 South Taylor Street, Suite 300
_____          Amarillo, Texas 79101-2446
C.J. McElroy                        Tel:  806-324-2356
Attorney for Defendant              Fax:  806-324-2399
                                    Email:  anna.bell@usdoj.gov


**Daniel Lee Matthews**
**Factual Resume—Page 4**